Ralph Wayne CONOR *v.* STATE of Arkansas

CR 76-40                                        538 S.W. 2d 304

Opinion delivered July 12, 1976

*Jim D. Spears* and *Sam Sexton Jr.,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Gary Isbell,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. Upon a charge of possession of marihuana with intent to deliver, Ralph Wayne Conor was found guilty and was sentenced to three years' imprisonment. For reversal he argues that the trial court should have sustained a pretrial motion to suppress as evidence a quantity of marihuana and a pistol, assertedly obtained by means of an illegal search of an automobile.

At about 1:20 p.m. on March 21, 1975, a Fort Smith police officer received an anonymous telephone call. The caller said that at a certain car washing establishment there was a Lincoln Contenental automobile with Louisiana license plate 177A368. He said that the car was occupied by two armed black males and asked the officer to look into the matter. The officer passed the information on to the radio dispatcher, who broadcast it.

An hour or more later two officers in a police car spotted the automobile in question and stopped it. It was then oc-

cupied by two black males and a black female. The officers directed the three to get out of the car. As the female was alighting a pistol fell to the ground from beneath a coat in her lap. The officer informed all three that they were under arrest. The officers then searched the car, finding marihuana in an envelope on the floor and a larger quantity of marijuana in the trunk.

Under the "fruit of the poisonous tree" principle the admissibility of the evidence depends upon the validity of the warrantless search, which in turn depends upon the existence of probable cause for the warrantless search. Probable cause exists when the facts and circumstances within the arresting officers' own knowledge or of which they have reasonably trustworthy information are sufficient to convince a reasonably cautious man that an offense has been or is being committed. *Draper* v. *United States*, 358 U.S. 307 (1959). Here the arresting officers had no personal knowledge about the commission of an offense. Of course they were entitled to act upon the collective knowledge of the police, *Jones* v. *State*, 246 Ark. 1057, 441 S.W. 2d 458 (1969), but the radio broadcast of the tipster's information could add nothing to its original trustworthiness.

The State concedes that the carrying of a pistol is at most a misdemeanor and is actually permitted when one is upon a journey. Ark. Stat. Ann. § 41-4501 (Repl. 1964). Thus at the outset there was no certainty that the occupants of a car from Louisiana were necessarily committing an offense by carrying a pistol. That was a circumstance to be considered.

The pivotal question, however, is the reliability of the information upon which the officers acted. The identity of the anonymous caller remains unknown. In contrasting such an informant with one who discloses his identity the Supreme Court has said: "The informant was known to [the officer] personally and had provided him with information in the past. This is a stronger case than obtains in the case of an anonymous telephone tip." *Adams* v. *Williams*, 407 U.S. 143 (1972). In *United States* v. *Calovich*, 392 F. Supp. 52 (W.D. Mo. 1975), the court examined the point at length and concluded that a warrantless arrest and a warrantless search cannot be

justified simply because an anonymous tip proves to be accurate.

That is really all we have here. The facts verified by the officers — that is, the identification of the Lincoln car and its occupancy by two black males — did not suggest in any way whatever that an offense was being committed. The one incriminating fact, that the men were armed, was not verified until the officers had put the men under restraint by directing them to get out of the car. We do not in the least imply that in this case the officer who initiated the broadcast had not actually received an anonymous telephone call. But, unlike the situation in which the informant is known, the officer's testimony cannot be corroborated or disputed. Hence, if this arrest must be upheld on the basis of sufficient probable cause, any officer may arrest anyone at any time and justify his action by attributing it to an anonymous telephone call. The protection afforded by the Bill of Rights is not to be so readily circumvented.

The State also argues that the arrest was permissible under the "stop and frisk" rule recognized in *Terry* v. *Ohio*, 392 U.S. 1 (1968). Here, however, the officer candidly testified that the vehicle was stopped only because of the anonymous tip. The typical stop-and-frisk situation is so fundamentally different from the halting of a moving vehicle on the basis of an anonymous telephone call that we see no reason to discuss the distinction at length.

Reversed.