George HICKEY *v.* STATE of Arkansas

CA CR 84-180                    684 S.W.2d 830

Court of Appeals of Arkansas
Division I
Opinion delivered February 20, 1985

*William R. Simpson, Jr.* Public Defender, *Jerome T. Kearney,* Deputy Public Defender, and *Jacquelyn Gregan,* Deputy Public Defender, by: *Thomas J. O'Hern,* Deputy Public Defender, for appellant.

Steve Clark, Att'y Gen., by: *Joyce Rayburn Greene,* Asst. Att'y Gen., for appellee.

TOM GLAZE, Judge. Appellant was charged with and convicted of kidnapping, rape and robbery. He appeals only his kidnapping conviction, contending the evidence is insufficient to support it. We affirm.

A person commits kidnapping if, without consent, he restrains another person so as to interfere substantially with his liberty and does so with the purpose of facilitating the commission of any felony or flight thereafter. See Ark. Stat. Ann. § 41-1702(1)(c) (Repl. 1977). Appellant argues that there was no evidence that he was armed or that he directed any verbal threats toward his alleged victim, Dana Jo Carroll. Because of the absence of such evidence, appellant claims there was no objective basis for her proposed fear or her belief that she was restrained. Citing *Mills* v. *State,* 270 Ark. 141, 603 S.W.2d 416 (1980), he concludes the evidence gives rise to inconsistent inferences and is insufficient as a matter of law to sustain a conviction of kidnapping.

Appellant's argument here appears incongruent with the rape and robbery convictions which lie undisputed since they were not appealed. Robbery, for example, is consummated when a person *employs or threatens to immediately employ physical force* upon another with the purpose of committing a theft. Ark. Stat. Ann. § 41-2103(1) (Repl. 1977). Rape is defined, in applicable part, as when a person engages in sexual intercourse or deviate sexual activity with another person by *forcible compulsion.* Ark. Stat. Ann. § 41-1803(1)(a) (Repl. 1977). Although appellant's charges of robbery, rape and kidnapping all grew from the same, inextricable series of events, the proof established the commission of three distinct felonies. *See, e.g., Beed* v. *State,* 271 Ark. 526, 609 S.W.2d 898 (1980); *see also Hickerson* v. *State,* 282 Ark. 217, 667 S.W.2d 654 (1984). The evidence undisputably reflects that appellant entered Ms. Carroll's automobile at about 3:00 a.m. on a Sunday when she was parked in front of a convenience store where she intended to buy cigarettes. He proceeded to take her purse and money before driving her to what she believed was a motel. Because

he did not have enough money for a motel room, he then drove to his friend's house where he raped Ms. Carroll. Later, by the victim's account, she flagged down a police officer when appellant was driving her around town. When the police stopped her car, she fled to an officer, and appellant was subsequently arrested.

Appellant does not contest his rape and robbery convictions. As a consequence, the facts that underline those convictions are undisputed. From those facts, the jury determined that appellant employed (or threatened) physical force upon Ms. Carroll to rob her and used forcible compulsion to rape her. Because the kidnapping conviction arose from these same circumstances we find no merit in appellant's argument that no basis in evidence existed for Ms. Carroll's belief that she was unwillingly restrained and fearful for her life. To the contrary, the jury could have reasonably believed or inferred from Ms. Carroll's testimony indicating her life was threatened that the appellant had restrained and substantially impaired her liberty. The weight of the evidence and the credibility of a witness are matters for the jury and not for the court. *Jones* v. *State*, 269 Ark. 119, 598 S.W.2d 748 (1980).

Because sufficient evidence exists to sustain appellant's kidnapping conviction, we affirm.

Affirmed.

CLONINGER and CORBIN, JJ., agree.