Joseph HANDY *v*. STATE of Arkansas

CA CR 87-166                                     749 S.W.2d 683

Court of Appeals of Arkansas
Division II
Opinion delivered May 18, 1988

*John W. Walker, P.A.*, by: *John W. Walker*; and *James P. Massie*, for appellant.

*Steve Clark*, Att'y Gen., by: *Olan W. Reeves*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Judge. Joseph Handy appeals from his conviction of the crimes of kidnapping and rape for which he received consecutive ten-year sentences. He contends that the trial court erred in permitting him to be convicted and sentenced for both offenses. We disagree and affirm.

When viewed most favorably to the State, the evidence discloses that the victim, a seventeen-year-old girl, and two of her friends went swimming in a bauxite pit near Little Rock. There they encountered the appellant, who was known to them. As the victim and her friends started to leave in their automobile, appellant stepped out in front of the vehicle, stopped them, and came up to the window and asked for a cigarette. One of the girls gave him a cigarette, and he inquired about the speakers of the automobile's stereo system. He then opened the door and jumped in the car. According to the victim, appellant stated his intention to have sexual intercourse with one or more of the girls in rather graphic terms. When they hysterically refused, he drove the car down a dirt road and stated that if any one of them tried to escape he would kill the others. While he was driving, one of the girls kept

trying to open the door and push the victim out so that she might escape. She stated that appellant kept screaming "If you jump out I'm going to kill the other ones." After driving for about a mile, appellant stopped the car, pulled the victim down onto the ground, beat her about the head with a wine bottle, removed her swimsuit, and then raped her. While he was raping the victim, the other two girls escaped. When appellant realized they were gone, he took everything from their purses and some jewelry from inside the vehicle, and left the scene.

The appellant contends that he could not be convicted and sentenced for both rape and kidnapping because of the following provisions of Ark. Code Ann. § 5-1-110 (1987) (formerly Ark. Stat. Ann. § 41-105 (Repl. 1977)):

(a) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:

(1) one offense is included in the other, as defined in subsection (b) of this section;

\* \* \*

(b) A defendant may be convicted of one offense included in another offense with which he is charged. An offense is so included if:

(1) it is established by proof of the same or less than all of the elements required to establish the commission of the offense charged . . . .

The purpose of this statute is to allow a conviction of a lesser included offense when the accused is not convicted of the greater offense and to prohibit an accused from being convicted of more than one offense when the proof required to establish the offense necessarily includes proof of every element of another. We conclude that neither provision is applicable here.

Arkansas Code Annotated § 5-14-103 (1987) (formerly Ark. Stat. Ann. § 41-1803 (Repl. 1977)) provides that a person commits rape if he engages in sexual intercourse or deviate sexual activity with another person by forcible compulsion.

Unquestionably, when the evidence is viewed most favorably to the State, it establishes that a rape occurred. Arkansas Code Annotated § 5-11-102 (1987) (formerly Ark. Stat. Ann. § 41-1702 (Repl. 1977)), in pertinent part, provides that a person commits kidnapping if, without consent, he restrains another person so as to interfere substantially with his liberty with the purpose of committing rape or facilitating the commission of any other felony. The jury could easily conclude that the appellant did interfere with the victim's liberty for the purpose of facilitating the commission of rape. Neither rape nor kidnapping is a lesser included offense of the other, as each involves separate elements and it is not necessary to prove one offense in order to prove the other. Although appellant's *purpose* to commit rape was an element of both the rape and kidnapping in light of the manner in which he was charged in this case, it was not necessary that the rape have been consummated or that all of its elements be proven in order to prove the kidnapping. Further, our supreme court has held on several occasions that a person may be convicted of both kidnapping and rape. *See e.g., Hickerson* v. *State*, 282 Ark. 217, 667 S.W.2d 654 (1984); *Beed* v. *State*, 271 Ark. 526, 609 S.W.2d 898 (1980); *Conley* v. *State*, 270 Ark. 886, 607 S.W.2d 328 (1980).

▮▮ Nor do we conclude that the acts of the appellant constituted one continuous offense. Rape and kidnapping are separate offenses. While it is true that an offense such as rape necessarily contemplates restrictions on the victim's liberty while the crime is being committed, it is clear that a rapist who employs more than the minimum restraint which necessarily or normally accompanies the crime of rape may also be convicted of kidnapping. *Beed* v. *State, supra; Hickey* v. *State*, 14 Ark. App. 50, 684 S.W.2d 830 (1985). *See also* Commentary to Ark. Code Ann. § 5-11-102 (1987) (formerly Ark. Stat. Ann. § 41-1702 (Repl. 1977)). In *Cook* v. *State*, 284 Ark. 333, 681 S.W.2d 378 (1984), the court recognized that it is the quality and nature of the restraint, rather than the duration, that determines whether a kidnapping charge can be sustained, and that, where the restraint is substantial, no minimum length of restraint is required to effect a conviction of the charge. Where the action of the kidnapper substantially confines his victim in such a way that escape is made difficult or impossible, the fact that the restraint is of relatively

brief duration does not necessarily remove it from the scope of our statute.

Here, there was evidence that the appellant got into the car, stated his felonious purpose, and threatened the girls on more than one occasion with death or serious physical injury if anyone attempted to escape before he had accomplished this purpose. There was evidence that he drove the vehicle down a secluded road for at least one mile before accomplishing the act for which the restraint had been imposed. As in *Cook*, the victim was forced to remain in the car by threats and was removed to an area where escape or detection was made more difficult. She was struck several times by the appellant with a wine bottle before she was raped. We cannot conclude that the nature or duration of the restraint imposed was not in excess of that normally incidental to the crime of rape.

We find no error and affirm.

COOPER and JENNINGS, JJ., agree.