Ricky WOFFORD *v.* STATE of Arkansas

CA CR 93-36                                    867 S.W.2d 181

Court of Appeals of Arkansas
Division I
Opinion delivered December 1, 1993

*William R. Simpson, Jr.,* Public Defender, by: *C. Joseph Cordi, Jr.,* Deputy Public Defender, for appellant.

*Winston Bryant,* Att'y Gen., by: *Kent G. Holt,* Asst. Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. The appellant, Ricky Wofford, was convicted by a jury of rape and kidnapping. He was sentenced to ten years imprisonment on the rape charge and five years on the kidnapping charge, the sentences to be served concurrently. His sole argument on appeal is that the evidence was insufficient to support the conviction for kidnapping and that the trial court, therefore, erred in denying his motions for a directed verdict of acquittal on that charge. We find no error and affirm.

A motion for directed verdict constitutes a challenge to the sufficiency of the evidence. *Thomas* v. *State,* 311 Ark. 609, 846 S.W.2d 168 (1993). In reviewing the sufficiency of the evidence on appeal, we view the evidence in the light most favorable to the State and will affirm the judgment if there is any substantial evidence to support the jury's verdict. *Harris* v. *State,* 299 Ark. 433, 774 S.W.2d 121 (1989). Substantial evidence is evidence of sufficient force and character to compel a conclusion one way or the other, inducing the mind to pass beyond mere suspicion or conjecture. *Thomas* v. *State, supra.* In determining whether there is substantial evidence to support the jury's verdict, it is

permissible to consider only the testimony that tends to support the finding of guilt. *Tarentino* v. *State*, 302 Ark. 55, 786 S.W.2d 584 (1990).

■       As is pertinent in this case, a person commits the offense of kidnapping if, without consent, he restrains another person so as to interfere substantially with her liberty with the purpose of engaging in sexual intercourse with her. Ark. Code Ann. § 5-11-102(a)(4) (1987). An offense such as rape necessarily contemplates restrictions on the victim's liberty while the crime is being committed. Therefore, it has been held that only when the restraint imposed exceeds that normally incidental to the underlying crime should the rapist also be subject to prosecution for kidnapping. *See Shaw* v. *State*, 304 Ark. 381, 802 S.W.2d 468 (1991); *Summerlin* v. *State*, 296 Ark. 347, 756 S.W.2d 908 (1988); *see also* Commentary to Ark. Code Ann. § 5-11-102.

Here, the record shows that on February 3, 1992, the fourteen-year-old victim and a friend were walking through an alley on their way to visit other friends. After walking a short distance past four young men, one of the men, Lewis Parham, called to the victim and asked her to come back to him. When she walked back to Parham's location, he pulled a gun and told her that she had to go with him. Parham then forced the victim at gunpoint to walk to a nearby apartment complex and enter a vacant apartment. The other three men, one of whom was appellant, followed along behind Parham. Each of the men then had sexual intercourse with the victim against her will, with appellant being the last of the four. At trial, the victim testified that she could not remember whether appellant ever held the gun on her. However, she also testified that she had suffered a serious head injury between the incident and the trial, and that since that injury she had been confused. Detective Janice Jenson, of the North Little Rock Police Department, testified that she interviewed the victim on the day after the crimes occurred. She further testified, without objection, that the victim told her that while the third man raped her, appellant was in the room and holding the gun.

Appellant contends that the State failed to prove that he employed any restraint on the victim in excess of that normally incidental to the crime of rape. He argues that the undisputed proof shows that it was Parham who forced the victim at gun-

point to go to the apartment. He also argues that the only time he restrained the victim occurred during and for the purpose of his commission of rape, which was after she had already been removed to the apartment and restrained there by someone else. The State does not contend that appellant personally committed the elements of the crime of kidnapping. Instead, citing cases turning on accomplice liability, the State contends that appellant's conviction should be affirmed because the victim was, in fact, kidnapped and "[t]he proof at trial was sufficient to illustrate the joint nature of this appellant's actions in conjunction with those of Parham, the person identified as having the pistol."

It is true that a person is criminally liable for the conduct of another when he is an accomplice of the other person in the commission of an offense. Ark. Code Ann. § 5-2-402 (1987). A person is an accomplice of another person if, with the purpose of promoting or facilitating the commission of an offense, he solicits, advises, or encourages the other person to commit it, or aids, agrees to aid, or attempts to aid the other person in planning or committing it. Ark. Code Ann. § 5-2-403(a) (1987). However, in this case, the State did not request, and the court did not give, a jury instruction on accomplice liability. Rather, the case was submitted to the jury only on the theory that appellant, personally, committed all of the elements of both offenses with which he was charged.[1] The jury was not asked or given the opportunity to pass on the question of whether appellant encouraged or assisted anyone else in the commission of kidnapping, and it is outside the province of this court to determine such questions of fact on appeal. Under these circumstances, we do not consider whether the proof would have been sufficient to support a finding that appellant acted as an accomplice to kidnapping.

Nevertheless, we cannot agree with appellant that the evidence is insufficient to support the jury's finding of his guilt

---

[1] The jury in this case was instructed that the judge determines the law; that it was the jury's duty to follow the instructions as given; that the jury was not to consider any rule of law unless it was included in the instructions; and that, in order to prove appellant guilty of kidnapping, the State had to prove beyond a reasonable doubt that *appellant* restrained the victim in the manner and for the purpose prohibited by the statute.

as a principal. Our kidnapping statute speaks in terms of restraint rather than removal. Consequently, it reaches a greater variety of conduct, since restraint can be accomplished without any removal whatever. Commentary to § 5-11-102; *see Summerlin* v. *State, supra.* Moreover, it is the quality and nature of the restraint, rather than the duration, that determines whether a kidnapping charge can be sustained. Where the action of the accused substantially confines his victim in such a way that escape is made difficult or impossible, the fact that the restraint is of relatively brief duration does not necessarily remove it from the scope of our statute. *Cook* v. *State*, 284 Ark. 333, 681 S.W.2d 378 (1984); *Handy* v. *State*, 24 Ark. App. 122, 749 S.W.2d 683 (1988). While the restraint must exceed that which is "normally incidental" to the commission of rape, the kind of restraint that is considered incident to a rape is that which is necessary to consummate the act; any additional restraint will support a conviction for kidnapping. *Harris* v. *State*, 299 Ark. 433, 774 S.W.2d 121 (1989).

Appellant's argument that he insufficiently restrained the victim overlooks Detective Jenson's testimony, admitted without any objection whatever, concerning her interview of the victim soon after the incident. Among other things, the victim told Detective Jenson that while one of the other men was raping her, and before appellant raped her, appellant stood in the room and held the gun. Viewed in the light most favorable to the State, we conclude that this implied threat of deadly force constituted evidence from which the jury could find restraint by appellant in excess of that incidental to appellant's rape of the victim. We also conclude that the jury could reasonably infer that at least one of appellant's purposes in so restraining the victim was to insure that she did not escape before appellant raped her, too. Rape is not a continuing offense; rather, each act of rape is a separate offense. *Harris* v. *State, supra.* Therefore, we conclude that there is substantial evidence to support the finding that appellant kidnapped the victim before his act of rape. *See id.*

Affirmed.

COOPER and ROGERS, JJ., agree.