FARMER L. BLACK *v.* STATE OF ARKANSAS

5584                                              466 S. W. 2d 463

Opinion delivered May 10, 1971

*Skillman & Furrow;* By: *Vincent E. Skillman, Jr.,* for appellant.

*Ray Thornton,* Attorney General; *John D. Bridgforth,* Asst. Atty. Gen., for appellee.

CARLETON HARRIS, Chief Justice. Farmer L. Black, appellant herein, was charged by the Prosecuting Attorney of the Second Judicial District with the separate offenses of Kidnaping and Sodomy, it being alleged that these offenses were committed on March 3, 1970, in Crittenden County. On trial, Black was acquitted of the sodomy charge but was convicted of kidnaping under Ark. Stat. Ann. § 41-2302 (Repl. 1964), and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of ten years. From the judgment so entered, appellant brings this appeal. For reversal, three points are asserted which we proceed to discuss, though not in the order listed by appellant.

It is first alleged that the court erred in permitting the prosecuting attorney to question Black relative to a charge of rape in Tennessee. The record reveals the following on cross-examination:

"Q. Were you guilty of homicide in 1958, in Memphis, Tennessee?

A. No, sir.

Q. Were you convicted of that charge?

A. No, sir.

Q. You were not? All right. Now then, you say that you did not forcefully have sexual relations with Stephanie? [given name of the alleged victim in the present case] Is that correct? You did not put that gun to her stomach and tell her to strip her clothes off, you were going to make love to her?

A. I did not.

Q. You did not do that? You are guilty of having raped a twenty year old married woman on March 1, 1970, are you not, Mr. Black, in Memphis, Tennessee?

A. No sir, I am not guilty of that charge."

It is appellant's contention that the last question was reversible error since that charge is only pending against Black, not yet having been tried. We do not agree, and have held contrary to this contention in several cases. It will be noted that the prosecutor did not ask Black if he had been *indicted* or *charged* with raping a woman in Memphis, but rather asked him if he were not guilty of that offense. We have held that one cannot be asked if he has been indicted, or charged, or accused, of other crimes, but for the purpose of testing credibility, one may be asked if he has been convicted of a particular offense, or if he was guilty of some particular offense. The state is bound by the answer that the witness gives. See *Johnson* v. *State*, 236 Ark. 917, 370 S. W. 2d 610, and cases cited therein. See also the recent case of *Hughes et al* v. *State*, 249 Ark. 805, 461 S. W. 2d 940.

It is also asserted that there was no corroboration of the testimony of the prosecuting witness relative to being kidnaped and the jury verdict was nothing more than speculation and conjecture. Again we disagree, actually for two reasons. In the first place, there *was* corroboration of the kidnaping. John Connors Donovan, who was traveling with the young woman allegedly assaulted, testified that the two, hitchhiking, were picked up by appellant on the highway; after driving for a few miles, appellant stopped the car, said that he had to check his tires, and then pulled out a rifle and pointed it at the witness. Donovan stated that Black then pointed the gun at the young woman, told her that he was in the mood for love, and that she was to take' off her clothes. When this happened, she opened the door and ran down the highway; Black chased her, and Donovan started running the other way. He heard a woman screaming, started back toward the car, but heard the car door slam and the car "took off". Donovan then reported the matter and officers were notified. Subsequently, the officers located the car parked on a gravel road, the young woman jumping out of the automobile and running to the officers, and Black getting out after being ordered several times to do so, and after the officers had fired a warning shot. Black was completely

nude except that he was wearing one sock. The woman had been severely beaten in the face.[1]. There was certainly corroboration, but actually, the woman not being an accomplice, no corroboration was necessary. See *Bradshaw* v. *State*, 211 Ark. 189, 199 S. W. 2d 747. Of course, if the prosecuting witness accompanied Black voluntarily, there simply was no kidnaping, but the jury heard the evidence of both the state and appellant, Black stating that she went with him of her own accord, and this conflict was a matter for jury determination.

Finally, it is argued that under the statute defining kidnaping, the acquittal of appellant on the charge of sodomy rendered it impossible as a matter of law for appellant to be guilty of the crime of kidnaping. We find no merit in this argument. The statute[2] does not require that the defendant *consummate* the felonious act before being guilty of kidnaping; it only requires that the forcible stealing or taking of the victim be done for the *purpose* of committing a felony. And even when all the proof offered on behalf of the prosecution shows that the act was consummated, and the proof on the part of a defendant shows that the offense did not take place, it has been held that one can still properly be convicted of an attempt to commit the offense. In *Lindsey* v. *State,* 213 Ark. 136, 209 S. W. 2d 462, the evidence on the part of the state reflected that the defendant was guilty of the crime of rape; on the other hand, the defendant denied that he acted improperly in any manner from a sexual standpoint. There was absolutely no evidence

---

[1]The prosecuting witness said that Black struck her several times with the rifle.

[2]Ark. Stat. Ann. § 41-2302: "Every person, either as principal or accessory, who shall unlawfully or forcibly steal, take or arrest any man, woman or child in this State and carry or transport him or her, against his or her will, from one place to another place in this State, or from his or her usual and customary place or abode, or from his or her usual and customary place of work or occupation, in this State, to another place in this State or into another State or territory for the purpose of extortion, ransom, robbing, maiming, torturing or of committing any felony or for the purpose of preventing or thwarting arrest or detection after having committed a felony or after having aided, abetted, or assisted in committing a felony, in this State, either as principal or accessory, shall be deemed guilty of kidnaping."

that he simply attempted a rape but failed to consummate the act; nonetheless, we affirmed his conviction for assault with intent to rape  In the California case of *People* v. *Fisher,* 157 P. 7, Fisher was charged with kidnaping, it being asserted by information that he unlawfully, feloniously, and forcibly enticed and carried away a certain named person, with the intention to restrain such person, and thereby to commit extortion and robbery. It was contended by the appellant that such a purpose was not accomplished and that he could not be found guilty of the offense, but the court disagreed, stating:

"Of course, it is not necessary for the purpose charged in the information to be accomplished in order to make it effectual as an element of the crime. All that is required is that some overt act be done toward the execution of the purpose and the fulfillment of the intent. The forcible removal of Mr. Henderson and the other preparations indicated by what was found in the automobile satisfy the requirement of the law in that respect. It may be illustrated by the proof of intent in burglary. Therein if the defendant is charged with the entry of a building with intent to commit larceny there must be the overt act of entering the building before a conviction can be had, but from this entry under suspicious circumstances the jury may infer the intent to commit larceny, although no larceny was actually accomplished."

See also *Crum* v. *State,* 101 S. W. 2d 270 (Texas), where it was held in a prosecution under the statute dealing with kidnaping for extortion, that it was immaterial whether the criminal enterprise was successful or unsuccessful, since the intent to commit was sufficient to constitute the offense.

So, it was only necessary, in order to convict appellant of kidnaping, that the state show that the young woman was forcibly taken by appellant for the purpose of committing a felony, and though the jury found that the felony had not been committed, it does not follow that Black could not have been guilty of a felonious

purpose. It might be added that it was not necessary that the jury even find that there was an intent to commit sodomy, for the kidnaping information only charges that Black's purpose was to commit a felony. There is evidence that Black endeavored to commit the crime of rape, but was unsuccessful because of his physical inability to perform the act. In fact, Black himself testified that he was unable at the time to perform the act of intercourse, though he stated that the woman was willing.

In nowise was the charge of kidnaping dependent upon the charge of sodomy. The two are entirely separate offenses, and it was not necessary that the sodomy charge be filed in connection with the kidnaping. In the recent case of *Umbaugh* v. *State*, 250 Ark. 50, 463 S. W. 2d 634, the appellant was prosecuted under this same kidnaping statute and the proof on the part of the state reflected that Umbaugh kidnaped a young female for the purpose of raping her. As in the instant case, he was only charged with kidnaping "for the purpose of committing a felony", and though the proof on the part of the state reflected a consummated rape, no charge of rape was ever filed. This court affirmed Umbaugh's conviction for kidnaping.

Likewise, in the California case of *People* v. *O'Ferrell*, 325 P. 2d 1002, the California court (District Court of Appeal, Fourth District) stated that the commission of a kidnaping for the purpose of robbery is separate and distinct from the crime of robbery, though the latter crime is the object of the kidnaping.

From what has been said, it is apparent that we find no reversible error.

Affirmed.

FOGLEMAN, J., not participating.