James Robert COOK *v.* STATE of Arkansas

CR 84-108                                        681 S.W.2d 378

Supreme Court of Arkansas
Opinion delivered December 21, 1984

*William R. Simpson, Jr.,* Public Defender, by: *Deborah R. Sallings,* Deputy Public Defender, for appellant.

*Steve Clark,* Att'y Gen., by: *Velda P. West,* Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Appellant was found guilty of kidnapping under Ark. Stat. Ann. § 41-1702 and sentenced as an habitual offender to thirty years imprisonment. § 41-1702 provides:

(1) A person commits the offense of kidnapping if, without consent, he restrains another person so as to interfere substantially with his liberty with the purpose of:

(a) holding him for ransom or reward, or for any other act to be performed or not performed for his

return or release . . .

The single argument on appeal is the evidence at trial did not support a charge of kidnapping under § 41-1702, because a substantial interference with the victim's liberty was lacking and the restraint was of such short duration that it would not be encompassed by the statute.

The facts are: as the victim was getting into her car the appellant appeared at her side. He ordered her into the car at gunpoint and demanded a ride out of town, which she refused. She was threatened and struck several times, but she continued to refuse. At one point the appellant's pistol discharged, evidently by accident, with the bullet passing through the windshield. After about ten or fifteen minutes the appellant got out of the car and walked away.

We have not previously addressed this element of the kidnapping statute but a review of other jurisdictions leads us to conclude it is the quality and nature of the restraint, rather than the duration, that determines whether a kidnapping charge can be sustained.

This issue often arises in cases where another offense, such as rape or robbery, is accompanied by a greater restraint of the victim than ordinarily occurs in the commission of the other crime. Among these cases a restraint for only ten minutes has been held to be sufficient to constitute kidnapping. See *Sinclair* v. *U.S.*, 388 A.2d 1201 (D.C. 1978) and cases cited. In *Sinclair*, the victim was forced to accompany the defendant for about ten minutes, during which the victim was robbed. The court found the evidence sufficient to constitute kidnapping in addition to robbery, reasoning that by removing the victim in a vehicle, the defendant took him out of the view of friends and acquaintances and exposed him to greater danger and lessened the risk of detection.

In two recent cases involving kidnapping alone, the courts found the evidence sufficient to sustain the charges where the restraints involved were less than five minutes. *Commonwealth* v. *Burkett*, 370 N.E.2d 1017, 5 Mass. App.

901 (1977); *Rodriguez* v. *State*, 646 S.W.2d 524 (Tex. App. 1 Dist. 1982). In *Burkett* the court declined to find error in the refusal of an instruction for attempted kidnapping. The court said:

> As permitted by that section both indictments included an allegation that the defendant 'without lawful authority, did forcibly . . . confine the victim, with the intent to cause him to be secretly confined against his will.' On all the relevant evidence both the offenses charged were complete at least as soon as the defendant climbed into the back of the [victim's] car, pointed his gun at [his] head with an order to drive, and the car began to move. the fact that the car moved only a few hundred feet because a police officer shot out one of the tires is beside the point.

In *Rodriguez*, the appellant was convicted of kidnapping on almost identical facts under a statute containing similar language to ours, i.e. "substantial interference with the liberty" of the victim. The victim struggled with the defendant after he had forced her into her car at knife point. When other students approached the defendant gave up the attempt and walked away. The court considered whether the evidence of the two to four minute struggle established substantial interference with the victim's liberty. It cited other cases where brief restraints had occurred and sustained a kidnapping charge, concluding that the word "substantial" did not require a minimum length of restraint, only that the interference be substantial. The court observed, "The intervening event of the approaching crowd, causing the appellant to abandon his ultimate plan and shortening the period of restraint and confinement to a few minutes was not sufficient to allow him to escape the consequences of his conduct."

It is significant the actions of the would-be kidnappers in these cases confined the victims in such a way that escape, rescue or detection was made difficult or impossible. Whether or not the actor was able to complete the objective of the kidnapping is immaterial. Once the kidnapper has undertaken the activity and the victim has been exposed to

the attendant dangers, the act is complete, as it is the nature of the restraint rather than its duration that tends to govern.

The facts in this case support a finding of substantial interference with the victim's liberty. She was forced at gunpoint into the car, where the dangers were increased. She was struck several times by her assailant, once by a blow with the gun itself, causing the weapon to discharge. The relatively brief duration of the restraint is not sufficient to remove it from the scope of the statute.

The judgment is affirmed.