Terry RICKETTS *v.* STATE of Arkansas

CR 86-210                                    729 S.W.2d 400

Supreme Court of Arkansas
Opinion delivered May 26, 1987

*Murphy & Carlisle*, by: *John Wm. Murphy*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Blake Hendrix*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. Terry Ricketts was convicted of first degree murder and second degree battery and was sentenced to 46 years imprisonment and fined $10,000. On appeal he argues that the evidence was insufficient to support the conviction for murder because the state failed to prove premeditation and deliberation and because he acted in self-defense. He also argues that the sentence was excessive. We affirm.

On the evening of April 18, 1986, Mickey Freeman had a private party at a building he owned called the "pool hall" located in Newton County. Roger Nichols, the murder victim, and five others were present. They put a sign on the door, which read "Private Party — Keep Out," covered the windows with curtains and parked a truck in the driveway in order to keep the party private. Around 10:00 p.m. Ricketts and two other individuals entered the building uninvited and began to play pool. Freeman told Ricketts they had three seconds to leave. He then fired a military, semi-automatic carbine three times in their direction. The shots hit a wall within five feet of them. Ricketts left the premises, and there was testimony that Ricketts said he would kill Freeman. Both groups had been drinking alcohol for much of the day and evening.

Later that evening, Freeman and Ricketts met again at a rock quarry. Ricketts drove up, stuck his head in the car Freeman was in, and tried to grab the carbine which Freeman had with him. Freeman wrestled it away and Ricketts then left. About 2:00 a.m. on April 19, Ricketts woke a friend, Johnny Hefley, in order to borrow his shotgun. Ricketts said he saw some deer along the road, and Hefley told Ricketts he had only squirrel shot. Ricketts said that was okay and took the gun. There was testimony that Ricketts told Hefley, "you ain't seen me over here." Minutes later, Freeman, Nichols, and Dennis Shatwell passed Ricketts and his friends, who were stopped on the side of the road. Freeman wanted Shatwell to drive on, but Shatwell stopped to see if they needed help. Almost instantaneously, Ricketts fired the borrowed shotgun toward Shatwell's truck, killing Nichols and injuring Freeman. Shatwell immediately drove off. Ricketts fired a second time, hitting the truck. There was testimony that Ricketts said "take that" when he fired.

Ricketts claims Freeman had his carbine pointed out the window at him when he drove up, and he feared for his life since Freeman had already fired at him once that evening. Ricketts testified that as he picked up the shotgun, it accidently fired and that he was not aiming at anyone. He also testified that someone told him to "reload and shoot again," but he did not remember who said this. However, other testimony and evidence indicated Freeman did not have the gun pointing out the window, but instead had the gun between his legs with the barrel pointing

downward, and Ricketts simply aimed and fired the shotgun at Freeman.

■ The test for determining the sufficiency of the evidence is whether there is substantial evidence to support the verdict. *Mann* v. *State*, 291 Ark. 4, 722 S.W.2d 266 (1987). On appeal we view only the evidence which is most favorable to the jury's verdict and do not weigh it against other conflicting proof favorable to the accused. *Westbrook* v. *State*, 286 Ark. 192, 691 S.W.2d 123 (1985).

■ There is sufficient evidence of first degree murder in this case. Premeditation and deliberation need not exist for any particular length of time, and they can be inferred from the circumstances of the case, such as the character of the weapon used, the manner in which it is used, the nature, extent, and location of the wounds inflicted, the conduct of the accused, and the like. *Harris* v. *State*, 291 Ark. 504, 726 S.W.2d 267 (1987); *Parker* v. *State*, 290 Ark. 158, 717 S.W.2d 800 (1986).

■■ One who claims self-defense must show not only that the person killed was the aggressor, but that the accused used all reasonable means within his power and consistent with his safety to avoid the killing. *Martin* v. *State*, 290 Ark. 293, 718 S.W.2d 938 (1986); *Burton* v. *State*, 254 Ark. 673, 495 S.W.2d 841 (1973); Ark. Stat. Ann. §§ 41-506, 41-507 (Repl. 1977). The jury did not accept Ricketts' defense of self-defense. Also, Ricketts' actions are not excused simply because he was under the influence of alcohol. *White* v. *State*, 290 Ark. 130, 717 S.W.2d 784 (1986).

■ The sentence imposed against Ricketts was not excessive because it was within the statutory limits. *Smith* v. *State*, 286 Ark. 247, 691 S.W.2d 154 (1985).

Affirmed.