Larry Wayne BURKS *v.* STATE of Arkansas

CR 87-75                                                     738 S.W.2d 399

Supreme Court of Arkansas
Opinion delivered October 26, 1987
[Rehearing denied November 23, 1987.]

*William R. Simpson, Jr.*, Public Defender, and *Deborah Sallings* and *Thomas B. Devine III*, Deputy Public Defenders, by: *Thomas B. Devine III*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. The appellant was convicted of capital murder and aggravated robbery. The trial court merged the robbery with the capital murder conviction and sentenced the appellant to a term of life imprisonment without parole. On appeal the appellant argues that all of his statements as well as their fruit, a handgun, should have been suppressed because the statements were made after he was "seized" without probable

cause. We hold that there was probable cause for an arrest and therefore affirm appellant's conviction for capital murder.

On April 13, 1986, at approximately 10:00 p.m., two men committed aggravated robbery on the premises of a store on Confederate Boulevard in Little Rock. The owner of the store was shot during the robbery and died sometime later. One of the robbers, Clarence McClendon, was identified and arrested on April 15, 1986. A clerk at the store where the robbery occurred informed the police that she saw appellant with McClendon in the store in the afternoon of the robbery. Another clerk indicated to the police that he saw the appellant and McClendon in the store together in the afternoon and again in the evening right before the robbery. The sheriff's department also received several anonymous telephone calls implicating appellant as the other participant in the crime.

On April 21, 1986, four or five armed officers went to the College Station area with a photograph of appellant obtained from the Little Rock Police Department for the purpose of questioning appellant about the robbery. After locating him about 6:45 p.m., the officers identified themselves and requested that he go with them to the sheriff's department to answer questions about the robbery. The appellant accompanied the officers to the sheriff's department where he made incriminating statements after he was given his *Miranda* warnings. At 9:45 p.m. he signed a written statement which informed the officers of the location of the .22 pistol used in the robbery.

The appellant argues that he was "seized" within the meaning of the Fourth Amendment, when he accompanied the police to the sheriff's department. If the police lacked probable cause for arrest at that time, appellant's custodial statements and the handgun would have been inadmissible at his trial. *Dunaway* v. *New York*, 442 U.S. 200 (1979); *Brown* v. *Illinois*, 422 U.S. 590 (1975); *Wong Sun* v. *United States*, 371 U.S. 471 (1963); and *Roderick* v. *State*, 288 Ark. 360, 705 S.W.2d 433 (1986).

The protection of the Fourth Amendment, applicable to the states through the Fourteenth Amendment, guarantees the right of people to be secure against unreasonable searches and seizures. Rule 10.1(b) of the A.R.Cr.P. defines a "seizure" as the taking of any person or thing or the obtaining of any information

by an officer under the color of authority. The United States Supreme Court has concluded that a person has been "seized" within the meaning of the Fourth Amendment only if, in view of all the circumstances, a reasonable person would have believed that he was not free to leave. *U.S.* v. *Mendenhall*, 466 U.S. 544 (1980). An example given by the Supreme Court in *Mendenhall* of a circumstance that might indicate a seizure, even where the person did not attempt to leave, was the threatening presence of several officers. A seizure pursuant to an arrest or any other detention that severely intrudes upon a person's liberty, such as a custodial interrogation, must either be supported by probable cause, *Dunaway, supra*, or by clear and positive testimony that demonstrates consent. *Foster* v. *State*, 285 Ark. 363, 687 S.W.2d 829 (1985).

Standing alone, the fact that the appellant accompanied four or five officers to the sheriff's department without being arrested or required to go with them does not show that he consented to the detention or interrogation. *Foster* v. *State, supra*. There is no testimony or other evidence that the appellant was ever told by any of the officers that he was free to leave at any time. In view of appellant's uncontradicted testimony that he was never so informed, we conclude that the officers failed to comply with A.R.Cr.P. 2.3 which provides:

> If a law enforcement officer acting pursuant to this rule requests any person to come to or remain at a police station, prosecuting attorney's office or other similar place, he shall take such steps as are reasonable to make clear that there is no legal obligation to comply with such a request.

Since the officers did not comply with the positive duty prescribed by this rule, and we find no justification for such non-compliance, we conclude that the custodial interrogation of the appellant was not voluntary and constituted a seizure within the meaning of the Fourth Amendment and thus required probable cause.

Probable cause exists where reasonably trustworthy information of facts and circumstances within the officers' knowledge would lead a person of reasonable caution to believe that a felony was committed by the person to be arrested. *Coble* v. *State*, 274 Ark. 134, 624 S.W.2d 421 (1981). Probable cause to

arrest without a warrant does not require the degree of proof sufficient to sustain a conviction. *Roderick* v. *State, supra.*

It is argued by the appellant that the anonymous telephone calls should not be considered in determining whether probable cause existed. On the other hand the state argues that the anonymous calls should be considered when there is some proof that the calls were reliable. Both sides rely on *Illinois* v. *Gates*, 462 U.S. 213 (1983), where the Supreme Court held that an anonymous letter, the reliability of which was confirmed by independent corroboration, gave the magistrate a substantial basis for concluding that there was probable cause to issue a search warrant.

The anonymous tips in the present case were of value to the officers in making their initial investigation. Generally speaking, an officer would indeed be foolish to ignore anonymous tips. So long as the officer does not invade the privacy and freedom of others, he is free to investigate any police matter in any manner not prohibited by law. However, we stated in *Conor* v. *State*, 260 Ark. 172, 538 S.W.2d 304 (1976):

> The pivotal question, however, is the reliability of the information upon which the officers acted. The identity of the anonymous caller remains unknown. In contrasting such an informant with one who discloses his identity the Supreme Court has said: "The informant was known to [the officer] personally and had provided him with information in the past. This is a stronger case than obtains in the case of an anonymous telephone tip." *Adams* v. *Williams*, 407 U.S. 143 (1972). In *United States* v. *Calovich*, 392 F. Supp. 52 (W.D. Mo. 1975), the court examined the point at length and concluded that a warrantless arrest and a warrantless search cannot be justified simply because an anonymous tip proves to be accurate.

Therefore, unverified anonymous telephone tips do not support or contribute to a probable cause determination.

Notwithstanding the above, the officers had knowledge that the appellant was seen together with Clarence McClendon at the scene of the crime in the afternoon of the robbery and again in the evening immediately before the robbery. This knowledge

gave the police probable cause to arrest the appellant at the time he was seized. The confession and the handgun were properly admitted into evidence.

Affirmed.

HICKMAN, J., concurs.