Ross Westbay DUNCAN *v.* STATE of Arkansas

CR 90-139                                   802 S.W.2d 917

Supreme Court of Arkansas
Opinion delivered January 22, 1991

*Gibson & Thomas, P.A.*, by: *Calvin R. Gibson*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellant, Ross Duncan, was convicted of possession of a controlled substance with intent to deliver and sentenced as an habitual offender to 40 years in the Arkansas Department of Correction.

Duncan asserts two points of error on appeal: 1) that the trial court erred in denying his motion to suppress because his consent to the search was not voluntary but obtained by implied coercion, and 2) that the trial court erred in denying his *pro se* motion to withdraw his guilty plea because there was sufficient evidence to support ineffective assistance of counsel. We find neither argument persuasive and affirm.

On December 23, 1988, Officer Charles Durland of the Little Rock Police Department responded to a call regarding an erratically driven car at the Budget Inn. Upon arriving at the inn, Officer Durland was met by the caller, who identified Duncan's car as the one about which he had called. Officer Durland pursued Duncan around the parking lot, and Duncan ultimately stopped against a curb but had difficulty putting his car into parking gear. Two additional officers arrived in another patrol car to assist Officer Durland.

Duncan appeared to be intoxicated, although no odor of alcohol could be detected. One of the assisting officers observed a syringe on the floorboard of Duncan's car, and Duncan was then read a *Miranda* warning and patted down for a weapon. According to the officer, Duncan understood his rights as they were read to him from the standard *Miranda* rights card used by the police department.

In addition, the officers claim that Duncan gave them permission to search his car, where they found two additional syringes. The officers testified that Duncan also consented to a search of the trunk of his car and gave them the keys to his car. The officers opened the trunk and discovered two plastic containers of crystal methamphetamine, a machine that sealed plastic containers, and a locked toolbox.

According to the officers, Duncan subsequently consented to opening the toolbox and showed them which key unlocked the toolbox. Inside the toolbox was a quart-sized Mason jar and a plastic bag that both contained crystal methamphetamine. The officers seized the syringes and containers of crystal methamphetamine, and Duncan was taken to University Hospital, where he refused a blood test, and then to detention. Duncan denies giving voluntary consent to the search.

On March 15, 1989, Duncan was charged by felony information with possession of a controlled substance with intent to deliver. The charge was amended on January 12, 1990, to include habitual offender status. An omnibus hearing was held on February 12, 1990, and Duncan's written motion to suppress evidence and oral motion for dismissal on speedy trial grounds were both denied. Duncan subsequently entered a conditional guilty plea on February 15 and reserved the issue of the suppression of the evidence obtained in the officer's search of his car.

On April 8, 1990, the date set for sentencing, Duncan attempted, *pro se*, to withdraw his guilty plea. The trial court denied Duncan's motion and proceeded with sentencing.

Duncan initially asserts that the trial court erred in denying his motion to suppress because his consent to the search was not voluntary but obtained by implied coercion. Duncan claims that the Miranda warning he received does not refer to any rights regarding searches and that he was not given an opportunity to sign a consent form. The essence of his argument is that he was impliedly coerced by the presence of the three police officers into consenting to their search.

We noted in *McIntosh v. State*, 296 Ark. 167, 753 S.W.2d 273 (1988), that the practice on appellate review is to state the facts in a light most favorable to the appellee, and the State has the burden of proving by clear and positive testimony that consent to a search was freely and voluntarily given and that there was no actual or implied duress or coercion. In reaching a decision, we look at the totality of the circumstances in determining whether a consent is voluntary, and the trial court's finding of voluntariness will not be set aside unless it is clearly against the preponderance of the evidence. *Hunes v. State*, 274 Ark. 268, 623

S.W.2d 835 (1981).

■ Additionally, although we recognize that the trial court may take into consideration whether a defendant knew he had the right to refuse consent in determining voluntariness, it is not a conclusive factor. *McIntosh* v. *State, supra.* In fact, we have specifically noted that knowledge of the right to refuse consent to search is not a requirement to prove the voluntariness of consent. *Scroggins* v. *State*, 268 Ark. 261, 595 S.W.2d 219 (1980) (citing *McGuire* v. *State*, 265 Ark. 621, 580 S.W.2d 198 (1979)).

■ In this case, the police officers testified that Duncan consented to their search of his car, trunk, and toolbox and even showed them which keys unlocked the trunk and toolbox. Additionally, it appears from the record that Duncan is not a complete stranger to criminal proceedings in that he had been previously arrested and accorded the assistance of counsel. *See generally Giles* v. *State*, 261 Ark. 413, 549 S.W.2d 479 (1977).

Consequently, we find that the trial court's denial of Duncan's motion to suppress evidence and ruling that his consent was given voluntarily is not against the preponderance of the evidence.

In his second point of error, Duncan claims that the trial court erred in denying his *pro se* motion to withdraw his guilty plea because there was sufficient evidence to support ineffective assistance of counsel.

Arkansas R. Crim. P. 26.1 addresses plea withdrawal and provides in pertinent part as follows:

> (a)   The court shall allow a defendant to withdraw his plea of guilty or nolo contendere upon a timely motion and proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice.
>
> *       *       *       *
>
> (c)   Withdrawal of a plea of guilty or nolo contendere shall be deemed to be necessary to correct a manifest injustice if the defendant proves to the satisfaction of the court that:
>
> (i)   he was denied the effective assistance of counsel.

\*　　\*　　\*　　\*

██ In *Hill* v. *Lockhart*, 474 U.S. 52 (1985), the two-part standard adopted in *Strickland* v. *Washington*, 466 U.S. 668 (1984), for evaluating claims of ineffective assistance of counsel - requiring that the defendant show that counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different - applies to guilty plea challenges based on ineffective assistance of counsel. In order to satisfy the second requirement, the defendant must show that there is a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial. It is the defendant's burden to prove ineffective assistance of counsel, and it is a heavy burden because counsel is presumed effective. *Hicks* v. *State*, 289 Ark. 83, 709 S.W.2d 87 (1986).

We note initially that Duncan was questioned by the trial court on February 15, 1990, at the time he tendered his conditional guilty plea as follows:

> Q　Have you discussed this with your attorney, sir?
>
> A　Yes, sir.
>
> Q　And do you have questions about it?
>
> A　No, sir.
>
> Q　Do you have any complaints about the services of your attorney, sir?
>
> A　No, I don't.
>
> Q　Do you know of anything your attorney has failed to do, sir?
>
> A　Not that I'm aware of.

Yet, on April 8, 1990, the date of his sentencing, Duncan presented a *pro se* motion alleging several grounds of his counsel's ineffectiveness, which included: 1) his trial counsel was not present for the plea and arraignment, which was delayed until the next day, and then his counsel had to be summoned from another court in the courthouse, 2) his trial counsel agreed to file a motion

for speedy trial but failed to do so, 3) his trial counsel made an oral motion regarding the speedy trial issue, but it was not timely (in fact, the trial court determined that an excludable period had prevented the time from running), 4) his trial counsel did not consult him regarding his defense, and 5) his trial counsel never discussed calling him as a witness, even though he was called as a witness at the omnibus hearing.

■ Although he recognized the necessity of showing that he would have pleaded not guilty and insisted on going to trial but for his counsel's alleged errors, Duncan has failed both in his motion and his appellate argument to show how he was prejudiced as a result of the alleged ineffective assistance of his counsel.

Accordingly, he has not met his burden encompassed within Rule 26.1 as to proof of a manifest injustice or satisfied the standard of ineffective assistance of counsel set out in *Hill* v. *Lockhart, supra.*

Affirmed.