Harold Edward CHISM *v.* STATE of Arkansas

CR 92-569                                        853 S.W.2d 255

Supreme Court of Arkansas
Opinion delivered April 19, 1993

*Timothy Buckley*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Teena L. White*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Harold Edward Chism, appeals a judgment of the Washington Circuit Court convicting him of kidnapping, first degree battery, and theft. Appellant was tried by a jury, convicted, and sentenced to the Arkansas Department of Correction for consecutive terms of life, twenty years, and twenty years, respectively. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 29(1)(b). For reversal of the judgment, appellant asserts five points of error. We find merit in appellant's challenge to the sufficiency of the evidence on the kidnapping charge and reverse and dismiss the judgment as it pertains to that charge. We find no merit in the four remaining points and affirm the remainder of the judgment pertaining to battery and theft.

Appellant makes five arguments on appeal, one of which is a challenge to the sufficiency of the evidence on the kidnapping charge. Appellant's right to freedom from double jeopardy requires that we consider this argument prior to the other

arguments concerning trial error. *Lukach* v. *State*, 310 Ark. 119, 835 S.W.2d 852 (1992); *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984).

## INSUFFICIENT EVIDENCE OF KIDNAPPING

Appellant claims the trial court erred in denying his motions for directed verdict on the kidnapping charge. Appellant argues the jury could not have convicted him of kidnapping without resorting to speculation and conjecture.

■ We treat the challenge of a denial of a motion for directed verdict as a challenge to the sufficiency of the evidence. *Smith* v. *State*, 310 Ark. 247, 837 S.W.2d 279 (1992); *Williams* v. *State*, 298 Ark. 484, 768 S.W.2d 539 (1989). The test for determining the sufficiency of the evidence is whether there is substantial evidence to support the verdict. *Ricketts* v. *State*, 292 Ark. 256, 729 S.W.2d 400 (1987). On appeal, this court reviews the evidence in the light most favorable to appellee and sustains the conviction if there is any substantial evidence to support it. *Abdullah* v. *State*, 301 Ark. 235, 783 S.W.2d 58 (1990). Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Hodge* v. *State*, 303 Ark. 375, 797 S.W.2d 432 (1990); *Jones* v. *State*, 269 Ark. 119, 598 S.W.2d 748 (1980).

The evidence, as viewed favorably to appellee, reveals that on April 27, 1991, the victim of the kidnapping, battery and theft first encountered appellant at R.L.'s Garage, an automobile repair shop in the southern part of Fayetteville, Arkansas. The victim stopped at the garage to ask directions to an Alcoholics Anonymous meeting place. Appellant offered to show the victim where she needed to go and entered her van.

Appellant and the victim did not find the meeting place and both returned to the repair shop. At this point, appellant was driving her van. Appellant exited the victim's van and she then drove north on Highway 71. Approximately ten minutes later, appellant left the repair shop in his vehicle, returned to get his checkbook, and then left the repair shop again heading in the same direction as the victim had driven. Later that same day, the victim awoke in a field near a wooded area with her van nowhere

in sight, naked, and severely beaten. She was also missing her wedding ring. The victim had no idea where she was or how she got there. She crawled approximately one-half mile to a residence, where she broke a window, entered the home, and called for help.

Washington County Sheriff's Deputies were able to locate the residence from where the victim telephoned for help and found her there clothed only in socks and a bra wrapped around her neck. The house where the deputies found her is located south of the Zimmerman community on Highway 170, approximately two miles north of Devil's Den State Park. Her face was so severely beaten her eyes were swollen shut and she could barely talk. She had large lacerations over her right eye. Her face and torso were covered with dried blood. While awaiting the arrival of an ambulance, the victim told the deputies that her attacker was the man she had met at the repair shop earlier that day.

In the present case, to prove kidnapping the state must show that appellant restrained the victim, without her consent, so as to interfere substantially with her liberty with the purpose of inflicting physical injury upon her. Ark. Code Ann. § 5-11-102(a)(4) (1987). In *Summerlin* v. *State*, 296 Ark. 347, 756 S.W.2d 908 (1988), we applied section 5-11-102 to a defendant accused of both kidnapping and an underlying crime (rape) and interpreted the kidnapping statute in such a situation as requiring the restraint of the victim's liberty to exceed that normally incidental to the underlying crime.

We have recently applied the *Summerlin* case in *Shaw* v. *State*, 304 Ark. 381, 802 S.W.2d 468 (1991), to reverse a kidnapping conviction and in *Thomas* v. *State*, 311 Ark. 609, 846 S.W.2d 168 (1993), to affirm a kidnapping conviction. Similar to many other cases we have decided, both *Shaw* and *Thomas* involved a victim being driven from the point of contact with their attackers into a rural area and raped there. In *Shaw*, finding facts sufficient to sustain a conviction only for rape, we reversed the kidnapping conviction because according to the victim's testimony, she consented to the attacker's actions until the point at which he raped her. *See Shaw*, 304 Ark. 381, 802 S.W.2d 468. In *Thomas*, we upheld both the rape and kidnapping convictions because the victim testified that although she consented to

entering her attacker's vehicle, she immediately began kicking her attacker and pleading to be taken where she agreed to go.

This case presents a peculiar set of facts. Unlike *Shaw*, 304 Ark. 381, 802 S.W.2d 468, there is no testimony in the present case that the victim was restrained only at the point at which appellant committed the underlying crimes. And, unlike *Thomas*, 311 Ark. 609, 846 S.W.2d 168, there is no testimony in the present case that the victim was restrained at a point prior to appellant's commission of the underlying crimes.

As previously stated, appellant specifically argues there is insufficient evidence to support a judgment of conviction for kidnapping because there is no evidence that appellant interfered with the victim's liberty to an extent beyond that which was incidental to the underlying crimes of battery and theft. He points out that the victim was unable to remember how she got to the field. She remembered returning with appellant to the garage and then driving away alone; the next thing she remembered was regaining consciousness in the field, finding herself naked and beaten. Thus, appellant argues there is simply no evidence showing he restrained the victim in excess of the restraint incidental to the battery and theft. He argues further that the jury must have resorted to speculation to conclude he kidnapped the victim and it was therefore error to deny his motion for directed verdict.

In support of its claim that there is substantial evidence to support the verdict of guilt on the kidnapping charge, the state relies heavily on the following circumstantial evidence. The victim testified that she was unable to remember anything that happened after driving away from appellant's place of employment. She was found miles away from the place she was last trying to locate. She also stated that she thanked God she could not remember anyone hitting her. However, she did testify that she did not give anyone permission to take her van or wedding ring. The day after the victim encountered appellant, Washington County Sheriff's Deputies found both the keys to her van and her wedding ring on appellant's person.

We have stated that circumstantial evidence may constitute substantial evidence. *Still* v. *State*, 294 Ark. 117, 740 S.W.2d 926 (1987). However, in order for circumstantial evi-

dence to constitute substantial evidence, it must exclude every other reasonable hypothesis consistent with an accused's innocence. *Bennett* v. *State*, 297 Ark. 115, 759 S.W.2d 799 (1988). Whether the circumstantial evidence excludes all other reasonable hypotheses consistent with innocence is a question to be determined by the finder of fact. *Id*.

■■ We are well aware of the foregoing rules of law concerning circumstantial evidence. However, regardless of whether evidence is direct or circumstantial, it must still meet the requirement of substantiality — it must force the fact finder to reach a conclusion one way or the other without resorting to speculation or conjecture. We cannot say the evidence presented in this case meets that requirement. This case bears a noticeable absence of any substantial evidence, either direct or circumstantial, that the victim's liberty was or was not restrained in excess of the restraint that was incidental to the battery and theft. There is not substantial evidence to support the jury's verdict of guilt as to the kidnapping charge and the trial court therefore erred in denying appellant's motion for directed verdict.

## ILLEGAL SEARCH AND SEIZURE

Appellant claims the victim's van keys and wedding ring found in his pocket during a pat-down search should have been suppressed. On appeal, he argues the warrantless search was illegal because there was no justification for a pat-down search pursuant to *Terry* v. *Ohio*, 392 U.S. 1 (1968), as there was no evidence that he was armed and dangerous. Appellant also argues on appeal that the search was illegal because there was no probable cause to arrest him.

■ The trial court ruled the evidence admissible finding probable cause to arrest appellant and that a search incident to arrest is proper under those circumstances. Although the state argued the search could be justified under *Terry*, 392 U.S. 1, the record does not reveal that appellant ever challenged the search on that basis or that the trial court made a ruling about the search on that basis. We do not consider appellant's argument that the scope of the search exceeded that authorized under *Terry*, as this argument is raised for the first time on appeal. *Smith* v. *State*, 310 Ark. 247, 837 S.W.2d 279 (1992).

A law enforcement officer may arrest a person without a warrant if the officer has reasonable cause to believe that person has committed a felony. A.R.Cr.P. Rule 4.1. Reasonable cause, or probable cause, exists where reasonably trustworthy information of facts and circumstances within an officer's knowledge would lead a person of reasonable caution to believe that a felon was committed by the person arrested. *Burks* v. *State*, 293 Ark. 374, 738 S.W.2d 399 (1987). Probable cause to arrest without a warrant does not require the degree of proof sufficient to sustain a conviction. *Id.*

Several of the deputies testified, both at the hearing on the motion to suppress and at trial, that they had information making appellant a suspect in the crimes committed against the victim. The victim told the deputies that she did not know her attacker but that she had met him earlier that day at an automotive repair shop on the south side of Fayetteville. In addition to this information gained from interviewing the victim, the deputies had also talked to Ron Yates, the owner of R.L.'s Garage, and to Yates' stepson. From these two witnesses, the deputies learned that appellant had encountered the victim at the garage, that he was the last person seen with the victim, and that appellant drove his vehicle in the same direction as the victim was headed in her van. The deputies also knew the victim had been severely beaten and sustained bruises on her neck and chest in the shape of a tennis shoe print. They observed that when they encountered appellant, on the morning after the crimes occurred, he was wearing Reebok tennis shoes. In addition, the deputies knew appellant. He had several prior convictions, two of which were for battery.

As a result of this information, the deputies wished to talk to appellant and went to his home for that purpose. Appellant was not at home, but his wife at the time advised them appellant was out in a field helping get a car out that had been stuck. The deputies left appellant's home, proceeded north on a road, and met appellant walking south along the road. One of the deputies stated, "Harold, I need to talk to you." Appellant then walked to the trunk of the deputies' vehicle, placed his hands on the trunk, and assumed a "spread-eagle" position allowing a search of his person without being requested to do so. The deputes were suspicious of this conduct. They noticed a bulge in appellant's

pocket and did a pat-down search for weapons. From appellant's right front pocket, they recovered the victim's wedding ring and numerous sets of keys, including a set to the victim's van.

Based on the foregoing information known to the deputies at the time they asked appellant to talk to them, the deputies had probable cause to arrest appellant. A.R.Cr.P. Rule 4.1. The search, which the deputies stated was conducted contemporaneously with the arrest, was therefore a valid search incident to arrest. The van keys and wedding ring were properly admitted into evidence.

We are compelled to emphasize that the trial court's denial of appellant's motion to suppress is affirmable on yet another basis — appellant's consent to the search. A consensual search does not run afoul of the Fourth Amendment. *Moore* v. *State*, 304 Ark. 257, 801 S.W2d 638 (1990). On appellate review, we view the evidence in the light most favorable to appellee, and consider under the totality of the circumstances whether the state proved that consent to the search was freely and voluntarily given without actual or implied coercion. *Duncan* v. *State*, 304 Ark. 311, 802 S.W.2d 917 (1991). We affirm a finding of voluntariness unless that finding is clearly against the preponderance of the evidence. *Id*. Knowledge of the right to refuse consent to search is not a requirement to prove the voluntariness of consent. *Id*.

We can think of no better case than the present one to illustrate the requirement that consent to search be freely and voluntarily given and without actual or implied coercion. Appellant's conduct in assuming the search position in response to the deputy's request to merely talk to him is overwhelming evidence of appellant's consent to search. According to the deputies' testimonies, there was absolutely nothing said or done to appellant indicating the deputies considered him a suspect in any crime whatsoever. There was simply no reason for appellant to assume the frisk position other than to indicate his consent to search.

## PHOTOGRAPHIC LINEUP

Appellant claims the trial court erred in denying his pretrial motion to suppress a photographic lineup in which the victim identified appellant as her attacker. Appellant asserts the lineup was unnecessarily suggestive because he was the only person

appearing in orange jail clothing and standing in front of a height chart. The trial court found the photographic lineup, although perhaps somewhat suggestive, was not unduly so and therefore denied appellant's pretrial motion to suppress. While the lineup was referred to at trial, it was never admitted into evidence.

If there are suggestive elements in a pretrial identification procedure making it all but inevitable that the victim will identify one person as the criminal, the procedure is so undermined that it violates due process. *Bishop* v. *State*, 310 Ark. 479, 839 S.W.2d 6 (1992). However, it is for the trial court to determine if there are sufficient aspects of reliability surrounding the identification to permit its use as evidence and then it is for the jury to decide what weight the identification testimony should be given. *Id.* Even if the identification procedure is unnecessarily suggestive, testimony concerning it is admissible if the identification is reliable. *Id.* We do not reverse a trial court's ruling on the admissibility of an identification unless it is clearly erroneous, and we do not inject ourselves into the finding of reliability unless there is a very substantial likelihood of irreparable misidentification. *Id.*

As the lineup challenged in this appeal was never admitted into evidence, we need only determine that it was reliable, and in doing so we consider the following factors: (1) the witness' opportunity to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the prior description; (4) the level of certainty; and (5) the time lapsed between the crime and confrontation. *Id.*

The totality of the circumstances supports the reliability of the victim's identification of appellant as her attacker. While the first two factors cited in *Bishop* may arguably be influenced by the victim's inability to remember anyone hitting her and while the victim's prior description of her attacker proved somewhat inaccurate, the degree of certainty of the identification is overwhelmingly great and the time between the crime and the identification is short. The victim identified appellant as her attacker in the photographic lineup six days after the crimes occurred. Moreover, the victim positively stated, upon being found by the deputies, that her attacker was the man she had met at the garage earlier that same day. Two other witnesses, Ron

Yates, owner of R.L.'s Garage, and Yates' stepson, testified that appellant was the man who was with the victim at the time in question. The degree of certainty of the identification is overwhelming. The totality of the circumstances therefore indicates the identification was reliable and we cannot say the trial court was clearly erroneous in allowing testimony about the lineup.

## JUROR TESTIMONY AT MOTION FOR NEW TRIAL

When the state first charged appellant with the crimes against the victim, rape was included among the other charges of kidnapping, battery, and theft. The rape charge was dismissed by the state and appellant successfully moved in limine to exclude any reference at trial to the fact that appellant had originally been charged with rape. The state complied with the ruling and no references about the rape charge were made during trial. However, the plastic bags containing the van keys and wedding ring which were admitted into evidence reflected that the charges of "rape/assault/theft" were involved in appellant's case. After trial, it was brought to appellant's counsel's attention that the jurors had seen the word "rape" on the two bags and had discussed it during their deliberations. Appellant then moved for a mistrial and to allow juror testimony on the motion.

The trial court denied appellant's motion to present juror testimony. Appellant claims this was error because although jurors are not permitted to testify about matters occurring during deliberation, they are permitted to testify as to whether extraneous prejudicial information was improperly brought to their attention or whether any outside influence was improperly brought to bear upon any of them. A.R.E. Rule 606(b).

In the present case, there was no extraneous prejudicial information presented to the jury. The evidence bags and contents were properly admitted into evidence. The bags therefore did not constitute extraneous prejudicial information. Any testimony or affidavits by the jurors regarding the appearance of the word "rape" on the bags would have been inadmissible pursuant to A.R.E. Rule 606(b) and the trial court was correct in its ruling.

Moreover, appellant's counsel waived any possible objection to the appearance of the word "rape" on the bags as he

viewed the bags a week prior to trial and did not object to the appearance of the word "rape" then or when they were admitted into evidence. This court stated in *Tosh* v. *State*, 278 Ark. 377, 646 S.W.2d 6 (1983) that an accused may not await the outcome of the case before bringing an alleged error to the trial court's attention.

## MOTION FOR NEW TRIAL

Appellant claims he was denied a fair and impartial trial due to the appearance of the word "rape" on the evidence bags. He moved for a new trial pursuant to Ark. Code Ann. § 16-89-130(c) (1987). Appellant argues the state was under an affirmative obligation to exclude the word "rape" from the bags since it assured the trial court it would make no reference to the rape charge during the trial. Appellant argues he relied on the state's assurance.

The decision whether to grant a new trial is left to the sound discretion of the trial court and we do not reverse its decision absent an abuse of discretion. *Hall* v. *State*, 306 Ark. 329, 812 S.W.2d 688 (1991). Here, the trial court carefully considered the issue and concluded appellant was not prejudiced by the appearance of the word "rape" on the evidence bags. The trial court considered whether the jury could have been improperly influenced in this regard and concluded it could not. The trial court reasoned that the word "rape" appeared in a very limited context on the bags along with some thirty or forty other words, all written in the same type. The court also noticed that the word "kidnapping" did not appear on the bags. The trial court also considered the state's argument that appellant waived any objection to the bags by failing to make an objection before or during trial. The trial court observed that appellant's counsel had an opportunity to examine the evidence bags and contents a week prior to trial. We have reviewed the trial court's observations and reasoning and conclude there was not an abuse of discretion in denying the motion for new trial.

The record has been examined in accordance with Ark. Sup. Ct. R. 11(f). There were no rulings adverse to appellant which constituted prejudicial error.

That portion of the judgment convicting appellant for

kidnapping is reversed and dismissed. The remainder of the judgment convicting appellant of first-degree battery and theft is affirmed.

HAYS and GLAZE, JJ., dissent.

STEELE HAYS, Justice, dissenting. While recognizing that substantial evidence may be based on circumstance, the majority opinion asserts there is no substantial evidence that the victim's liberty was interfered with in excess of the restraint necessary to commit battery and theft and, therefore, substantial evidence of kidnapping is lacking. That analysis ignores significant circumstances from which the jury could have reasonably inferred that the victim's liberty was substantially restrained beyond that incidental to the other offenses.

Kidnapping has no requirement as to time or removal, only that there be a substantial interference with the victim's liberty for one or more of the purposes specified in the statute. *Jackson v. State*, 290 Ark. 160, 717 S.W.2d 801 (1986); *Cook v. State*, 284 Ark. 333, 681 S.W.2d 378 (1984). Those include inflicting physical injury or engaging in sexual intercourse, deviate sexual activity or sexual contact with the victim. Ark. Code Ann. § 5-11-102(a) (1987). Thus, it is "the quality and the nature of the restraint, rather than its duration, that determines whether kidnapping charges can be sustained." *Cook v. State, supra*. In *Cook*, we cited with approval two cases in which the restraints involved in kidnapping were of less than five minutes — *Commonwealth v. Burkett*, 370 N.E.2d 1017 (Mass. App. 1977) and *Rodriguez v. State*, 646 S.W.2d 524 (Tex. App. 1 Dist. 1982).

When this victim regained consciousness following a savage beating she was some fifteen miles away from the Fayetteville location she had been seeking. Her Ford van, wedding band and clothing were gone, except for her brassiere which was wrapped around her neck. Near where the victim found refuge was a muddy field where her underpants and tire impressions from the van were found.

The rationale of the cases on which the majority rely — *Summerlin v. State*, 296 Ark. 347, 756 S.W.2d 908 (1988) and *Shaw v. State*, 304 Ark. 781, 882 S.W.2d 468 (1991) — rests on the constitutional impediment to punishing an accused twice for

conduct which constitutes a single offense. *See* generally *Cozzaglio* v. *State*, 289 Ark. 33, 709 S.W.2d 70 (1986). But it was not necessary for the appellant to undress the victim in order to either beat her or rob her, nor is that conduct subsumed into either the battery or theft. It stands alone. It was, I submit, permissible under the proof for the jury to infer that this victim was either transported to other than her intended destination against her will or unnecessarily restrained in the process of being disrobed, or both.

Nor is it or particular significance that the rape charge was dismissed. It is not necessary that the original objective of a kidnapping be completed. Once the kidnapper has undertaken the activity and the victim has been exposed to the attendant dangers, the act of kidnapping is complete. *Cook* v. *State*, *supra.*; *Black* v. *State*, 250 Ark. 604, 466 S.W.2d 463 (1971).

GLAZE, J., joins in this dissent.