Kenneth Nolnor MARBLEY *v.* STATE of Arkansas

CA CR 02-689                                          100 S.W.3d 48

Court of Appeals of Arkansas
Division III
Opinion delivered March 12, 2003

*William R. Simpson, Jr.*, Public Defender, by: *Erin Vinett*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *Ka Tina Hodge*, Law Student # 678 Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Arkansas Supreme Court

Under Supervision of *Clayton K. Hodges*, Ass't Att'y Gen., for appellee.

JOHN F. STROUD, JR., Chief Judge. Kenneth Marbley was convicted by a Pulaski County Circuit Court jury of the offenses of rape and kidnapping. He was sentenced to the Arkansas Department of Correction for twenty-five years on the rape conviction and fifteen years on the kidnapping conviction, with the sentences to be served consecutively. His sole point on appeal is that the trial court erred in denying his motions for directed verdict on the offense of kidnapping because there was insufficient evidence of nonconsensual restraint for the purpose of kidnapping.[1] We affirm.

The victim, A.R., testified that on January 8, 2001, she was on her way to a friend's house when appellant pulled up beside her in his car and asked her name. She gave him a false name, because although she had seen him before in the neighborhood, she did not know him. Appellant told her that his name was Kenneth and offered her a ride to her friend's house. A.R. asked him if he was going to hurt her, and appellant told her no, that he was just going to take her where she needed to go. A.R. asked if appellant could take her to the store; he agreed to take her to the store and then to her friend's house. A.R. willingly got into appellant's car, went to the store, purchased a soft drink, and then got back into the car with appellant. When she got back into the car, appellant told her to put her seatbelt on, and he drove her to her friend's house. A.R. testified that when they arrived at her friend's house and she started to get out of the car, appellant pulled a gun wrapped in a blue Wal-Mart bag from the back seat and pressed it to her thigh. Appellant told A.R. to lean back and place her hands under her thighs; he then drove from Little Rock to Mayflower, Arkansas. During the drive, appellant asked A.R. if she was "clean," just in case they decided to have sex. A.R. testified that she knew when appellant asked her that "that something was gonna happen that I did not want to happen."

A.R. said that appellant took her to his house, told her to take off her clothes, and raped her. She said that appellant told her that as long as she did what he told her to do, he would take her

---

[1] Marbley does not appeal his rape conviction.

home. She did not try to run away because she knew he had a gun and she thought he might catch her and hurt her. After appellant initially raped A.R., he made her perform oral sex on him, and when she gagged, he raped her a second time. After that, he gave A.R. her clothes and took her outside to the bathroom to "make sure the evidence was gone." He waited while she used the bathroom and then the two of them got back into appellant's car. They stopped in North Little Rock at a gas station; appellant pumped gas and then went inside to pay. A.R. testified that she did not try to run away at that point because appellant was going to take her home. Appellant did take A.R. almost all of the way home, dropping her off a couple of blocks from her house. After arriving home, A.R. told her mother what had happened, called the police, and was taken to the hospital for an examination.

At the close of the State's case, appellant's counsel made the following motion for directed verdict:

> Your Honor, we make our motion for directed verdict specifically as to the kidnapping. The State must prove that there was restraint without consent. There was at least one period of time where the victim could have left and didn't. . . . [S]he may be able to say she did not choose to leave, nonetheless, she was not restrained at that period of time.

This motion was denied; appellant called no witnesses and renewed his motion for directed verdict, which was again denied.

█ █ On appeal, appellant argues that he did not restrain A.R. without consent other than the restraint that was incidental to the rape. The State contends that appellant did not make this argument below and is therefore now barred from making this argument on appeal. We agree. A party cannot change the grounds for an objection or motion on appeal, but is bound by the scope and nature of the arguments made at trial. *Pyle v. State*, 340 Ark. 53, 8 S.W.3d 491 (2000). Although both arguments concern the issue of nonconsensual restraint, appellant's argument to the trial court was that A.R. was not restrained without consent because there were at least two times that she could have left and did not do so. On appeal, he does not challenge his rape conviction, but instead argues that he did not use any more restraint on A.R. than was necessarily incidental to the rape. Because this

argument was not made to the trial court in appellant's motion for directed verdict, appellant cannot now make this argument on appeal, and his conviction for kidnapping is affirmed.

■ Nevertheless, even if we were to address the merits of appellant's argument, we hold that there is sufficient evidence to support his conviction for kidnapping. For purposes of this case, the relevant portion of the kidnapping statute is Ark. Code Ann. § 5-11-102(a)(4) (Repl. 1997), which provides, "A person commits the offense of kidnapping if, without consent, he restrains another person so as to interfere substantially with his liberty for the purpose of inflicting physical injury upon him, or of engaging in sexual intercourse, deviate sexual activity, or sexual contact with him." "Restraint without consent" is defined as "restraint by physical force, threat, or deception." Ark. Code Ann. § 5-11-101(2) (Repl. 1997).

■ In *Summerlin v. State*, 296 Ark. 347, 350, 756 S.W.2d 908, 910 (1988), our supreme court held that "it is only when the restraint exceeds that normally incidental to the crime that the rapist (or robber) should also be subject to prosecution for kidnapping." In that case, the appellant grabbed his victim as she jogged past him and a struggle ensued. The victim screamed for the appellant to let her go as he was ripping her shorts. Although the appellant was able to get on top of his victim, she was able to get away from him and escape. Our supreme court affirmed the conviction for attempted rape but reversed the kidnapping conviction, holding that the restraint employed on the victim was no greater than that which the State was required to prove on the attempted rape charge and therefore could not form the basis for the separate crime of kidnapping.

In *Shaw v. State*, 304 Ark. 381, 802 S.W.2d 468 (1991), our supreme court again reversed and dismissed a kidnapping charge while affirming the conviction for rape. In that case, the victim and the appellant were to go on a dinner date; instead, they went to a liquor store and purchased some whiskey. Then, on the pretense of purchasing "a part," appellant drove the victim to a remote camp site, where they listened to music. When the appellant asked the victim if he could kiss her, she said no, and he told her that he could just "blow her head off" and no one would find her. The victim began to walk down the road, but she got back

into the truck after appellant followed her and apologized. Appellant then drove to a dead-end and told the victim to get out of the truck; he then pulled a gun on her and raped her. In reversing the kidnapping conviction, the supreme court held that there was no substantial interference with the victim's liberty to warrant a separate conviction for kidnapping because by the victim's own testimony her actions were consensual until appellant pulled a gun and forced her to take off her clothes.

. Appellant relies on the above cases in his argument and urges this court to find that the facts and circumstances in his case are analogous. He also cites *Chism v. State*, 312 Ark. 559, 853 S.W.2d 255 (1993); however, we find that the facts of that case are inapplicable to appellant's case. Furthermore, we hold that the circumstances in the present case are more analogous to those in *Thomas v. State*, 311 Ark. 609, 846 S.W.2d 168 (1993), than the facts found in *Summerlin* or *Shaw*.

In *Thomas*, the victim was waiting for her school bus when the appellant, with his son and nephew in the car, offered her a ride to school. The victim accepted the ride, but the appellant did not take her to school; instead, he took her down a dirt road. Appellant told the victim that he would kill her if she did not stop hitting him and kicking him. Appellant got the victim out of the car, took her clothes off, threatened her with a knife, and then raped her. The supreme court distinguished *Shaw*, stating that while the victims both voluntarily entered the vehicles, the victim in *Shaw* continued to consent to her rapist's actions when he deviated from the agreed-upon destination whereas the victim in *Thomas* began to revoke her consent as soon as it became apparent that the appellant was not taking her to the agreed-upon destination — school. In affirming, the supreme court held:

> In reaching our conclusion, we emphasize the fact that appellant continued to remove the victim from the point of their initial contact after she expressed a desire to be returned to the agreed-upon destination. Appellant did not rape the victim at the point of initial contact as was the case in *Summerlin*, 296 Ark. 347, 756 S.W.2d 908, nor at the point where the victim revoked her consent to appellant's actions as was the case in *Shaw*, 304 Ark. 381, 802 S.W.2d 468.

311 Ark. at 612, 846 S.W.2d at 170.

In the present case, appellant did not rape A.R. at the point of initial contact; therefore, this case is distinguishable from *Summerlin*. Although appellant took A.R. to her friend's house, he did not let her out; rather, he placed a gun to her leg and told her to lean back and place her hands under her thighs. We hold that A.R. revoked her consent at that time. However, appellant did not rape A.R. until after he drove her to Mayflower; therefore, *Shaw* is also distinguishable. In the case at bar, although the victim willingly entered appellant's car, appellant restrained her liberty without her consent prior to the rape by forcing her at gunpoint to go with him to his home in Mayflower rather than letting her get out of his car at her friend's house. This restraint was not incidental to the rape and is sufficient to satisfy the "restraint without consent" element of the offense of kidnapping. Appellant's kidnapping conviction is affirmed.

Affirmed.

NEAL and VAUGHT, JJ., agree.